IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUSAN DOOLING, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 4:11-cv-00576 |
| BANK OF THE WEST, and GSB MORTGAGE, INC., | § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Plaintiff's Motion to Conditionally Certify a Collective Action and to Issue Notice (Dkt. 15) and Defendants' Motion to Dismiss Plaintiff's Individual and Collective Action FLSA Claims Under Federal Rule of Civil Procedure 12(b)(1) (Dkt. 34). As set forth below, the Court finds that the motion to dismiss (Dkt. 34) should be DENIED without prejudice as premature and that Plaintiff's Motion to Conditionally Certify a Collective Action and to Issue Notice (Dkt. 15) should be DENIED.

In this case, Plaintiff claims that she works for Defendants in a loan processing capacity and receives compensation in the form of commissions and bonuses, as well as an hourly wage. Plaintiff argues that she and those similarly situated to her have not been compensated at one and one-half times their properly calculated regular rate of pay for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Plaintiff seeks to certify

1

a class of current and former loan processors who work or have worked for Defendants in the three years prior to the filing of this action.

The gravamen of Plaintiff's complaint is that the overtime she and others were paid did not include any commissions or bonuses they earned. Plaintiff relies on 29 U.S.C. § 207 and 29 C.F.R. § 778.117 to argue that the regular rate considered in the calculation of overtime compensation should include commissions and bonuses.

Defendants' response to the class certification motion argues that, because they tendered an offer of judgment to Plaintiff that would fully satisfy her individual FLSA claim, her efforts at class certification are now moot. After the class certification pleadings were on file, Plaintiff ultimately accepted the offer of judgment and Defendants filed a motion to dismiss setting forth the same argument. Therefore, the Court must determine how to proceed with the claims presented here.

### EFFECT OF ACCEPTANCE OF OFFER OF JUDGMENT ON CLASS CERTIFICATION

It is true that in FLSA collective actions, a plaintiff represents only herself until similarly-situated employees opt in. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008). However, as noted by Plaintiff, the Fifth Circuit has also specifically addressed how district courts should address requests for conditional certification under the FLSA when an offer of judgment is made. The court in *Sandoz* held that a Rule 68 offer of judgment does not render claims moot if a motion for conditional certification is timely made:

> The proper course, therefore, is to hold that when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to make a Rule 68 offer of judgment. If the court ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff would not

fully satisfy the claims of everyone in the collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot. Thus, although the district court was correct to suggest that Cingular's motion to dismiss was premature, it failed to give the proper reason: that so long as Sandoz timely filed a motion to certify her collective action, that motion would relate back to the date she filed her initial state court petition.

*Id.* at 920-21. Although the *Sandoz* opinion does not specifically address the effect – if any – of a plaintiff's acceptance of an offer of judgment (as is the undisputed case here), the Court finds that its reasoning is equally applicable to the facts at hand. Moreover, Defendants have not cited to any governing authority, nor can the Court identify any, that would indicate that the motion to dismiss the class action as moot is not premature in this case.[1] Therefore, the Court will not dismiss the action prior to fully disposing of Plaintiff's request for conditional certification.

## CONDITIONAL CLASS CERTIFICATION

Section 216(b) of the Fair Labor Standards Act authorizes a plaintiff to bring a collective action on behalf of similarly situated persons, provided that any person who desires to become a part of the collective action files a written consent in the court. 29 U.S.C. § 216(b). District courts have the discretionary power to conditionally certify a collective action and to authorize the sending of notice to potential class members pursuant to § 216(b), but certification is not mandatory. *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed.2d 480 (1989).

Two approaches are used by courts to determine whether collective treatment under § 216(b)

---

[1]The Court is aware of the United States Supreme Court's June 25, 2012 grant of review in *Genesis Healthcare Corp. v. Symczyk*, no. 11-1059, as to the effect of a Rule 68 offer of judgment on conditional certification under Section 216(b) of the Fair Labor Standards Act. However, until an opinion is issued in that matter, it is governed by the Fifth Circuit's opinion in *Sandoz*.

3

is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.,* 118 F.R.D. 351 (D. N.J. 1987); and (2) the "Spurious Class Action" method outlined in *Shushan v. Univ. of Colorado,* 132 F.R.D. 263 (D. Colo. 1990). Under the *Lusardi* two-step approach, certification for collective action is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage. *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). In the notice stage, a court must determine whether the plaintiff has provided sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice of the proposed class. *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp.2d 618, 621 (N.D. Tex. 2008). If the plaintiff has, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. *Id.* This standard is "fairly lenient" and usually results in conditional certification. *Mooney,* 54 F.3d at 1213. Then, after discovery has taken place and after potential class members have the opportunity to opt-in, the court reexamines the class, typically in response to a motion for decertification. *Valcho*, 574 F. Supp.2d at 621. If the court finds that the class is no longer made up of similarly-situated persons, the class is decertified. *Id.*

The Fifth Circuit has discussed the two approaches, but has not adopted a specific approach. *See Mooney,* 54 F.3d at 1212 (finding it unnecessary to choose between the tests because either way district court erred in finding plaintiffs were not similarly situated); *see also Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 519, n. 1 (5th Cir. 2010) (noting that the Fifth Circuit has "not adopted any of the varying approaches for determining whether employees' claims are sufficiently similar to support maintenance of a representative action"). The *Lusardi* approach is the more generally accepted method of analysis among federal courts and is the one the Court will apply

in this case.[2] *See e.g. Hickson v. U.S. Postal Serv.*, 2010 WL 3835887, 5-6 (E.D. Tex. 2010); *Castillo v. Hernandez*, 2010 WL 4595811, 2-4 (W.D. Tex. 2010); *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, 1 (N.D. Tex. Oct. 7, 2004); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, 1 (N.D. Tex. 2002).

In accordance with the *Lusardi* two-step approach, the Court must determine whether Plaintiff here has provided sufficient evidence of similarly situated loan processing employees who also claim that bonuses and commissions were not considered in their overtime payment calculation. Plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs. *See Hickson*, 2010 WL 3835887 at 6.

In evaluating Plaintiff's allegations, "the court should consider factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted." *Allen v. McWane, Inc.*, 2006 WL 3246531, 2 (E.D. Tex. 2006). "The court should satisfy itself that there are other employees of the defendant who are 'similarly situated' with respect to their job requirements and pay provisions." *Hickson*, 2010 WL 3835887 at 5-6; *see also H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) ("Courts ... have considered factors such as ... whether affidavits of potential plaintiffs were submitted ... [and have required] a factual showing suggesting that [the potential plaintiffs] were similarly situated.") (citations omitted). Although there is no specific definition of "similarly situated" in the FLSA, the court should determine whether a plaintiff's pleadings and affidavits show

---

[2]Under the second method, the court simply looks to Rule 23 factors – numerosity, commonality, typicality, and adequacy – to determine class certification, without dividing the process into two steps. *See Mooney,* 54 F.3d at 1214.

that: (1) there is a reasonable basis to believe that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in light of the claims and defenses asserted; and (3) those individuals would want to opt in to the lawsuit. *Castillo*, 2010 WL 4595811 at 2-4. Plaintiff need not show her position is identical, only similar. *See Hickson*, 2010 WL 3835887 at 5-6.

The only evidence Plaintiff offers in support of her allegations here is her own affidavit. As to her FLSA claims specifically, Plaintiff avers in her affidavit that she was paid on an hourly basis and also received commissions and bonuses in relation to loans she originated or processed and that, to her knowledge, other loan personnel also received commissions and bonuses in relation to loans processed. *See* Dkt. 15-1. Plaintiff then states: "When Defendants paid me overtime compensation for hours worked over 40 in a workweek, they did so at 1.5 times my hourly rate. They did not factor my commissions or bonuses into my overtime compensation." Dkt. 15-1 at ¶16. Plaintiff then states that "to [her] knowledge" Defendants never factored commissions or bonuses into the overtime compensation paid to similarly situated employees. Dkt. 15-1.

Plaintiff's evidence does not include any affidavits of potential plaintiffs and indeed fails to even identify potential plaintiffs. And, other than the statements "to [her] knowledge" that others' overtime payments did not take into account commissions or bonuses, Plaintiff has submitted no evidence of a widespread plan or policy that would show that others are similarly situated. *See Allen v. McWane, Inc.*, 2006 WL 3246531, 2 (E.D. Tex. 2006).

The Court is also not satisfied that Plaintiff has any personal knowledge of how other employees' overtime was calculated. Her assertions are that, "to [her] knowledge," others were not adequately compensated in their overtime payment. She does not state that she *knows* that others

6

were treated similarly. The Court finds that such statements alone are not competent evidence of similarly situated individuals sufficient to conditionally certify a class. *See, e.g.*, FED. R. CIV. P 56(c)(4) (affidavits in support of summary judgment must be based on personal knowledge); *Owen v. Golf & Tennis Pro Shop, Inc.*, 2010 WL 3859640, 4 (E.D. Tex. 2010) (noting that declarations lacking personal knowledge do not suffice even under the lenient *Lusardi* standard).

The Court finds that Plaintiff has not offered sufficient evidence here that "the putative class members were together the victims of a single decision, policy, or plan," *Mooney,* 54 F.3d at 1214 n. 8 (5th Cir. 1995) (quoting *Sperling I,* 118 F.R.D. at 407). Based on the evidence before the Court, Plaintiff has simply failed to show a "common compensation policy" applicable to all employees. *See Gibson v. NCRC, Inc.*, 2011 WL 2837506, 6 (S.D. Tex. 2011).

The Court notes that, in their response to the certification motion, Defendants claim that Plaintiff's proposed class would only comprise of five individuals, including Plaintiff and that, if successful in their claims, they collectively would be owed less than $600. Although such argument could suggest that there are similarly situated employees, there is no *evidence* before the Court that would show that. And, more importantly, it is *Plaintiff*'s burden to provide substantial evidence in support of her claims and she has not done so here.

Therefore, Plaintiff's Motion to Conditionally Certify a Collective Action and to Issue Notice (Dkt. 15) should be DENIED and Defendants' Motion to Dismiss Plaintiff's Individual and Collective Action FLSA Claims Under Federal Rule of Civil Procedure 12(b)(1) (Dkt. 34) should be DENIED as premature and without prejudice. Upon the District Court's consideration of the Court's recommendation as to the motion for certification, Defendants may seek dismissal of any

claims as is appropriate. However, based on *Sandoz*, the request for dismissal prior to a final ruling on the certification issue is premature.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 26th day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE