**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SUSAN DOOLING, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 4:11-cv-00576 |
| BANK OF THE WEST, and GSB MORTGAGE, INC., | § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants' Motion for Summary Judgment as to All of Plaintiff's

Remaining Family and Medical Leave Act Claims (Dkt. 58).  As set forth below, the Court finds that

the motion should be DENIED on all points, except Plaintiff's theory of joint employment.

**BACKGROUND**

Plaintiff Susan Dooling brings this case against her former employer for alleged employment

discrimination in violation of the Family Medical Leave Act.[1]  Plaintiff alleges that she was formally

employed as a loan processor for Defendant GSB Mortgage, Inc. ("GSB"), but that GSB and

Defendant Bank of the West ("BOTW") should be treated as joint or integrated employers for

liability purposes.

_____

[1]Plaintiff originally also sought conditional class certification on an FLSA claim, but since then, her request to certify was denied and she has resolved her FLSA claim, leaving only her FMLA claim for resolution.

In their motion for summary judgment, Defendants argue that summary judgment should be granted as to Plaintiff's remaining claims because they are not covered as an employer, integrated employer, or joint employer under the FMLA and Plaintiff is not an eligible employee under the FMLA.   Defendants also argue that Plaintiff's FMLA claim fails because she cannot rebut the legitimate reason for terminating her employment.   Plaintiff has filed a response in opposition.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).  The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).   In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).   The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37

2

F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.

1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings,

but must set forth and support by summary judgment evidence specific facts showing the existence

of a genuine issue for trial."  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.

1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).  Once the moving party makes

a properly supported motion for summary judgment, the nonmoving party must look beyond the

pleadings and designate specific facts in the record to show that there is a genuine issue for trial.

*Stults*, 76 F.3d at 655.  The citations to evidence must be specific, as the district court is not required

to "scour the record" to determine whether the evidence raises a genuine issue of material fact.  E.D.

TEX. LOCAL R. CV-56(d).  Neither "conclusory allegations" nor "unsubstantiated assertions" will

satisfy the nonmovant's burden.  *Stults*, 76 F.3d at 655.

### ANALYSIS

In this case, Plaintiff complains that Defendants violated the FMLA by demoting, and

ultimately terminating, her after she took medical leave in 2011.  "The Fifth Circuit applies the

*McDonnell Douglas* framework to analyze retaliation claims under the FMLA, noting that there is

no significant difference between such claims under the FMLA and similar claims under other anti-

discrimination laws."  *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 768 (5th Cir. 2001) (internal

citations omitted).

To make a *prima facie* case for retaliation under the FMLA, a plaintiff must show that: (1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and that (3) either (a) she was treated less favorably than an employee who had not requested leave under the FMLA or (b) the adverse decision was made because she took FMLA leave. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). "The FMLA was enacted to permit employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." *Id.* (citing 29 U.S.C. § 2601(b)(2)).

Once the plaintiff makes a *prima facie* showing, the burden shifts to the defendant to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Hunt*, 277 F.3d at 768; *Richardson v. Monitronics Intern., Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Once the defendant makes this showing, the burden shifts back to the plaintiff to show by a preponderance of the evidence that the employer's reason is pretextual. *Id.*

<u>Prima Facie Case under FMLA</u>

The Court will first address whether Plaintiff has made a *prima facie* case under the FMLA. Having reviewed the evidence before it, the Court finds that Plaintiff has satisfied this burden.

## Protected

When determining whether the FMLA applies, "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Satterfield v. Wal-Mart Stores, Inc.,* 135 F.3d 973,

4

977 (5th Cir. 1998) (quoting *Manuel v. Westlake Polymers Corp.,* 66 F.3d 758, 764 (5th Cir.1995)). The Fifth Circuit has noted that "[a]n employee merely alleging sickness as the reason for her absence does not automatically provide sufficient FMLA-notice." *Greenwell v. State Farm Mut. Auto. Ins. Co.*, 486 F.3d 840, 843 (5th Cir. 2007).   Whether a plaintiff is an "eligible employee" under the FMLA as one whose employer has at least 50 employees at or within 75 miles of the employee's worksite is a substantive element of that plaintiff's claim for relief.   *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356-57 (5th Cir. 2006)

In their motion, Defendants argue that Plaintiff's FMLA claim fails because they are not employers under the Act.  The FLMA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."  29 U.S.C. § 2611(4)(A)(i).  Defendants argue that Plaintiff was only employed by GSB and that it is undisputed that GSB employed only 12 individuals at its Grapevine, Texas worksite, and, as such, does not fall within this definition of employer.

Defendants further argue that Plaintiff does not fall within the FMLA's definition of "employee" which specifically **excludes** "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."  29 U.S.C. § 2611(2)(B)(ii).

Plaintiff responds that Defendants GSB and BOTW are integrated and joint employers under the FMLA and because they have more than 50 employees combined, she meets the definition of an eligible employee under the FMLA.  Plaintiff further argues that, even if Defendants are not treated jointly, they are estopped from arguing that they do not fall under the FMLA based on their conduct.

**Integrated/Joint Employers**

Plaintiff bears the burden of showing that she was an eligible employee under the FMLA. *Hill v. Research Institute of America Group*, 2000 WL 283192, 2 (5th Cir. 2000). While there is no Fifth Circuit authority specifically setting forth the test for whether two companies should be treated as one for purposes of the 50-employee minimum, the Court looks to the regulations accompanying the FMLA to evaluate Plaintiff's claim that GSB and BOTW are integrated employers and should be treated as one such that she would be an eligible employee under the FMLA.  *See Hill v. Research Institute of America Group,* 2000 WL 283192, 2 (5th Cir. 2000); *see also Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) (discussing 29 C.F.R. 825.104(a) and (d)).[2]

While normally the employer evaluated is the single entity which employs the plaintiff, 29 C.F.R. §825.104(c) provides two exceptions: (1) when a corporation which has an ownership interest in another corporation and meets 29 C.F.R. § 825.106's "joint employment test" and (2) when separate entities are deemed to be parts of a single employer because they meet the "integrated employer test."  29 C.F.R. § 825.104(c).  Plaintiff has argued that both exceptions apply here.

---

[2]The Fifth Circuit has also noted that "decisions interpreting the FLSA offer the best guidance for construing the term 'employer' as it is used in the FMLA."  *Modica v. Taylor,* 465 F.3d 174, 186 (5th Cir.2006) (citations omitted).  However, the Court has not been required to look beyond the language of the regulations in the instant case.

The Court finds that there is insufficient summary judgment evidence to create a fact issue such that 29 C.F.R. § 825.106's "joint employment test" applies.  Specifically, Plaintiff has not offered any evidence that would show that she worked for GSB and BOTW simultaneously or that they shared her services, nor is there any summary judgment evidence that BOTW controlled Plaintiff's duties.  *See* 29 C.F.R. § 825.106(a).  Indeed, the portion of Plaintiff's summary judgment response dedicated to her joint employment theory fails to cite to any specific evidence.  The non-movant's burden in summary judgment proceedings is clear.  *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.  General and sporadic references to the summary judgment record are not sufficient.  *See* E. D. TEX L.R. CV-56(d) (stating that summary judgment citations should be referred to by page and, if possible, by line of the summary judgment evidence).[3]  Plaintiff has not sustained her burden as to this theory and the Court can identify no summary judgment evidence that would create a fact issue in her favor.  Therefore, Plaintiff should not be permitted to assert her eligibility under the FMLA under a joint employment theory.

Nonetheless, as set forth below, there is a fact issue as to the integrated employer test, making summary judgment inappropriate as to whether Plaintiff is protected by the FMLA.  As explained

---

[3]*See also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas,* 136 F.3d at 458; *Stults,* 76 F.3d at 657; *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); *Skotak,* 953 F.2d at 916 n. 7; *see also Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); *cf. U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

by the regulations:

> Where the [integrated employer] test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality.  Factors considered in determining whether two or more entities are an integrated employer include:
>
> (i) Common management;
>
> (ii) Interrelation between operations;
>
> (iii) Centralized control of labor relations; and
>
> (iv) Degree of common ownership/financial control.

29 C.F.R. § 825.104(c).  The Court has reviewed the summary judgment evidence in its totality and finds that there is a fact issue as to whether GSB and BOTW were integrated employers for FMLA applicability purposes.

As to common management, in November 2011, all of BOTW's directors were also directors of GSB and the Certificate of the Secretary of the Board of Directors of Bank of the West and Certificate of the Secretary of the Board of Directors of GSB Mortgage, Inc. were prepared in a single document.  *See* Dkt. 60-18.  The Court notes that this document also contains a qualification that no "current or former Director, executive officer or other officer of employee of BANK of the WEST is now or has even been an employee, officer or otherwise involved in the management of GSB MORTGAGE, INC." and vice versa.  *Id.*  The Court is not convinced by Defendants' contention, however, that such language moots any fact issue as to the integration of the employers. One piece of summary judgment evidence even lists (inaccurately, according to Defendants) Philip Strange as both President of GSB and BOTW.  Dkt. 60-9.  There are simply too many fact issues as

to the way in which the companies' officers and directors interacted to grant summary judgment.

Most notable is the summary judgment evidence as to the interrelation of operations between GSB and BOTW, including shared insurance and benefit plans in BOTW's name listing GSB as an affiliate, subsidiary or division to be covered as an insured under the policies, a shared Facebook page for GSB and BOTW, and GSB's computer and internet policies listing use of the "Bank of the West Network" for GSB employees.  *See* Dkts. 60-10– 60-17, 60-21.  At the very least, it appears that GSB used many of BOTW's human resources forms, such that consent and acknowledgment forms signed by Plaintiff specifically referenced BOTW's policies and rights regarding her use of their network and BOTW's retention of confidential documents regarding sexual harassment complaints made against GSB employees.  *See* Dkts. 60-22 & 60-23.

Also, BOTW's internal memorandum from Debbi Jordan (a BOTW employee) indicates that, although Plaintiff was told her leave questions should be directed to GSB, since she was not a BOTW employee, Jordan also told her that she "possibly would be eligible for FMLA" and that "if [Plaintiff] had accrued (earned) sick leave and vacation time, she should [be paid for her time off]." Dkt. 60-8.  Although those statements are also qualified with assertions that Jordan "later realized that GSB Mortgage, Inc. was not mandated by FMLA" and that Jordan "stressed that [Plaintiff] needed to contact the management of GSB Mortgage, Inc., as [Jordan] did not know their policies," the Court finds that this memorandum (especially the fact that a copy was sent to GSB) and the representations in it create fact issues as to the interrelations of the two companies.  *Id.*

The Court finds that, although not as strongly as it does in showing interrelations of the companies, much of this evidence also creates a fact issue as to centralized control of labor relations. And, as to ownership issues, it is apparently undisputed that "BOTW owns all of the shares of GSB." Dkt. 58 at 4.  It also appears undisputed that Plaintiff worked for GSB within a BOTW branch office location.  *See* Dkt. 60 at 4.

That no BOTW employee was tasked with the same or similar duties as Plaintiff while employed at GSB, as argued by Defendants, *see* Dkt. 58-1 at 2, has little bearing on the Court's analysis.  And, whether GSB and BOTW employees appeared at joint meetings also does not appear dispositive of the integrated employer analysis.  *See* Dkt. 58-1 at 8, 17-21.

Plaintiff has offered sufficient evidence of the entire relationship between GSB and BOTW such that, when reviewed in its totality, as is required by the regulations, there is a fact issue as to the manner in which the two entities related and whether they were two single entities acting as an integrated unit.  *See* 29 C.F.R. § 825.104(c).  Plaintiff has sustained her summary judgment burden as to the integrated employer theory of FMLA coverage.

**Estoppel**

Moreover, even if there were not sufficient evidence to create a fact issue as to whether GSB and BOTW were integrated employers such that they fall within the FMLA, the Court finds that there is also sufficient summary judgment evidence to create a fact issue on the matter of estoppel. In the Fifth Circuit, "an employer who without intent to deceive makes a definite but erroneous representation to his employee that she is an 'eligible employee' and entitled to leave under FMLA,

10

and has reason to believe that the employee will rely upon it, may be estopped to assert a defense of

non-coverage, if the employee reasonably relies on that representation and takes action thereon to

her detriment." *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006).

Therefore, if a plaintiff "should present *prima facie* evidence of the elements necessary for equitable

estoppel, it would be a question of fact as to whether Defendant would be estopped from contesting

Plaintiff's FMLA eligibility." *McFadden v. Seagoville State Bank*, 2009 WL 37596, 6 (N.D. Tex.

2009).

Here, such a fact question exists. Plaintiff has offered a copy of the GSB Mortgage, Inc.

Personnel Policy Handbook with her June 2009 signed acknowledgment of receipt of the handbook.

*See* Dkts. 60-19 & 60-20. The handbook contains a provision entitled "Family Medical Leave

(FMLA)" which provides that "[t]he company has incorporated the protection of this law [FMLA]

into its policy for job-protected family and medical leaves." Dkt. 60-19 at 12. Also in the summary

judgment record is a revised handbook removing the FMLA provisions. Dkt. 60-5. There is a

dispute as to whether Plaintiff ever received the revised handbook removing the FMLA language.

The Court finds that the resolution of such inconsistencies is a credibility issue better left for the jury

during cross-examination rather than the Court on summary judgment." *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986) ("Credibility determinations, the weighing of

the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those

of a judge...." ). Also contributing to the factual issues surrounding Plaintiff's estoppel argument

is the memo from Debbi Jordan (with BOTW) in which Jordan states that, although the statement

was later retracted, she told Plaintiff that she "possibly would be eligible for FMLA" and that "if [Plaintiff] had accrued (earned) sick leave and vacation time, she should [be paid for her time off]." Dkt. 60-8.  *See McFadden*, 2009 WL 37596, 6 (N.D. Tex. 2009) (finding that there were fact issues as to matters of equitable estoppel where the plaintiff presented evidence that she requested "FMLA leave" and was told by Human Resources that she could take it and where internal an memo regarding the plaintiff's leave was titled "FMLA file").  In *McFadden*, Judge Boyle found that there was a fact issue as to whether the defendant bank was estopped from arguing that it was not a "covered employer" or the plaintiff was not an "eligible employee" under the FMLA even though the bank never affirmatively used the term "FMLA leave" but there was evidence that the plaintiff did.  *Id.* at 7 ("even if the Bank never affirmatively told McFadden she had been approved for 'FMLA leave' in those terms, the Bank, by its silence, left McFadden with the impression that the leave was approved FMLA leave.").  Here, there are sufficient fact issues as to the issue of estoppel, and summary judgment simply is not appropriate.

Because there is sufficient summary judgment evidence that Plaintiff was covered by the FMLA, the Court turns to the other elements of Plaintiff's claims to determine whether Plaintiff has made a *prima facie* case under the statute.

### Adverse Employment Action

In their motion, Defendants concede that they do not address whether Plaintiff suffered an adverse employment action, noting she was offered a different position upon her return.  This issue remains disputed for purposes of the summary judgment motion.

12

### Action Related to Leave Request[4]

"When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the temporal proximity between the FMLA leave, and the termination." *Mauder v. Metropolitan Transit Authority of Harris County, Tex.*, 446 F.3d 574, 583 (5th Cir. 2006). While it is true that close timing between an employee's protected activity and an adverse action taken against her *may* provide the causal connection necessary for the *prima facie* case, "the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a *prima facie* case." *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). Here, Plaintiff's employment was terminated[5] upon her return from medical leave, after she declined a position she deemed a demotion. One of the reasons given for the termination was "excessive absences." Dkt. 58-1 at 46. Plaintiff "separated" her employment within days of that reprimand. Without further argument from the parties on this element, the Court finds that there is sufficient evidence in the summary judgment record to establish the final element of Plaintiff's *prima facie* case and summary judgment should not be granted for Defendants on that ground.

---

[4]The Court notes that, as with the adverse employment decision element, Defendants essentially do not address this element of the FMLA claim in their motion, other than to argue Plaintiff is not covered by the FMLA and thus was not terminated from the company because of it. *See* Dkt. 58 at 23. Although Defendants have not identified the summary judgment evidence they believe demonstrates the absence of a genuine issue of material fact as to the final element, as is their clear burden, the Court briefly addresses it here.

[5]Whether Plaintiff was terminated or voluntarily separated from the company is also disputed.

*Nondiscriminatory Reason and Pretext*

Because the Court finds that Plaintiff has made a *prima facie* showing here, the burden shifts to Defendants to show a legitimate nondiscriminatory or nonretaliatory reason for the employment action. *Richardson*, 434 F.3d at 332.

Here, Defendants claim that Plaintiff was offered the new position and ultimately terminated because of poor work quality, unsatisfactory work performance and excessive absences. Defendants offer Employee Verbal Warning Memos from May and July 2010 – prior to Plaintiff's leave of absence – warning her for "excessive time off," "poor attitude," and failure to return calls. *See* Dkt. 58-1 at 41-42. And again, the warning issued days before Plaintiff's separation cites "excessive absences," "lack of the ability to rely on," "work quality," and "brings down moral (sic)." *See* Dkt. 58-1 at 46. In response, Plaintiff argues that Defendants failed to comply with GSB's progressive discipline policy. Plaintiff also denies receiving the May 2010 warning regarding "excessive time off and poor attitude" and claims that the handwritten notes on the July 2010 warning setting forth her work performance issues were not there when she signed it. *See* exhibits cited at Dkt. 60 at 10-11. This is sufficient to create a fact issue as to pretext, and, again, the Court declines to resolve matters of credibility during the summary judgment phase.

### RECOMMENDATION

For these reasons, the Court finds that Defendants' Motion for Summary Judgment as to All of Plaintiff's Remaining Family and Medical Leave Act Claims (Dkt. 58) should be DENIED and that Plaintiff's FMLA claims should be presented to the jury for resolution but that Plaintiff shall not

be permitted to submit the theory of joint employment to the jury for consideration.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 17th day of July, 2013.**


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE