**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SUSAN DOOLING, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 4:11-cv-00576 |
| BANK OF THE WEST, and GSB MORTGAGE, INC., | § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction, or Alternatively, Partial Motion for Summary Judgment (Dkt. 49). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

In her motion, Plaintiff seeks to dismiss Defendant GSB Mortgage, Inc.'s unjust enrichment and unclean hands counterclaims. Plaintiff argues that Defendant's counterclaims are not compulsory counterclaims under Federal Rule of Civil Procedure 13(a)(1) because they do not arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a)(1)(A). In the alternative, Plaintiff argues that, even if they are compulsory, she is entitled to summary judgment as to Defendant's unclean hands claim.

Defendant responds that its counterclaims are compulsory because Plaintiff's FMLA claim pertains to the same time period and leave period as its counterclaims regarding unpaid vacation

1

leave time.   Defendant argues that, even if the claims were not compulsory, the Court should exercise supplemental jurisdiction over them.

A counterclaim is considered compulsory and having arisen from the same transaction or occurrence when "both the original claim and the counterclaim arise from the same aggregate of operative facts."  *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (internal citation omitted).  As the Fifth Circuit has explained:

> The test for whether a claim is compulsory is: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.  An affirmative answer to any of the four questions indicates the claim is compulsory.

*Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 483, n.2, (5th Cir. 1996) (finding that counterclaims that satisfied third and fourth prongs of test were compulsory).  Where issues of fact and law overlap, there is a logical relationship between the claims, the claims involve the same instruments and transactions, and the jury would hear the same facts in regard to both claims, a finding that the counterclaim is compulsory is warranted.  *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992).

In this case, Plaintiff alleges violations of and retaliatory termination of Plaintiff's employment due to her exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2611, *et seq.* (FMLA).  *See* Dkt. 12.[1]  Both Count I – unjust enrichment – and Count II – unclean

---

[1]Plaintiff's First Amended Complaint also seeks unpaid overtime under the Fair Labor Standards Act, 29 U.S.C.  § 201, *et seq.* (FLSA).  Since the filing of the amended complaint,

hands – of Defendant GSB's Counterclaim pertain to Plaintiff's purported receipt in advance of unearned vacation leave and pay.  *See* Dkt. 8 at page 12-13.  Defendant's factual allegations in support of its counterclaims address the terms of Plaintiff's employment, Plaintiff's employment benefits, Plaintiff's request for an advance of monies attributable to unearned but paid vacation leave, and Plaintiff's "separation of employment."  Dkt. 8 at page 11.

Similarly, Plaintiff's FMLA complaint addresses the terms and duties of Plaintiff's employment, Plaintiff's pay, bonuses and hours worked, Plaintiff's leave from employment and Defendants' disciplinary actions, and Plaintiff's termination from employment. *See* Dkt. 12.  Indeed, Plaintiff's "Promissory Estoppel Summary" indicates the relationship between the counterclaims and her FMLA claim:

> After Defendants erroneously told Plaintiff they did not have to comply with the FMLA, Plaintiff informed them that pursuant to her doctor's orders, she still needed the three weeks off of work.  A GSB representative asked Plaintiff how she wanted to be paid for her time off of work.  Plaintiff asked if she could be paid out of her accrued vacation time and sick time, and was told that would be fine.

Dkt. 12 at ¶14.  *See also* Dkt. 12 at ¶¶48-55.

The Court finds that "there is a logical relationship between the claim and counterclaim" here and that a "jury would hear substantially the same facts in regard to both."  *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992).  With an affirmative answer to the third and fourth factors of the *Nautronix* inquiry satisfied, a finding that the counterclaim is compulsory is warranted.  *See* 79 F.3d at 483, n.2.

---

Plaintiff has an offer of judgment fully resolving her individual FLSA claim and leaving only her FMLA claim for resolution.  *See* Dkt. 28.

3

The Court is not convinced by Plaintiff's argument that the counterclaim is not compulsory because it was filed before Plaintiff amended her complaint to add her FMLA claim.  Even Plaintiff's original complaint – which asserted only violations of the FLSA – dealt with allegations regarding the terms of Plaintiff's employment, her job duties, the hours worked, and the benefits and pay she received.  *See* Dkt. 1.  The counterclaims are logically related to the suit filed.  Therefore, the Court finds that the counterclaims should not be dismissed for want of jurisdiction.  And Plaintiff's motion in that regard should be denied.

As an alternative argument, Plaintiff claims that "unclean hands" – Defendant's second counterclaim – is not an independent action and seeks summary judgment accordingly.  Defendant's response is silent as to this argument.

In Texas, "[u]nclean hands is an affirmative defense available when the plaintiff is seeking an equitable remedy." *In re Nolle*, 265 S.W.3d 487, 494 (Tex. App.– Houston [1st Dist.] 2008, no pet.).  The Court agrees that unclean hands is a defensive claim.  *In re EGL Eagle Global Logistics, L.P.*, 89 S.W.3d 761, 766 (Tex. App. – Houston [1st Dist.] 2002, no pet.) ("The defensive doctrine of 'clean hands' requires that one who comes to court seeking equity must come with clean hands."). Here, Plaintiff does not appear to be seeking equitable remedies, and, in any event, as noted by Plaintiff, Defendant GSB has already raised unclean hands as an affirmative defense.  *See* Dkt. 16 at page 18.

Having considered Plaintiff's argument and Defendant's lack of response, the Court finds that the unclean hands counterclaim should be dismissed.  This finding should not preclude the assertion of any GSB's affirmative defenses herein.

4

Therefore, Plaintiff's Motion to Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction, or Alternatively, Partial Motion for Summary Judgment (Dkt. 49) should be DENIED as to Plaintiff's jurisdictional challenge, GRANTED as to the motion for partial summary judgment, and Defendant shall take nothing by its second counterclaim of unclean hands. Defendant's first counterclaim – that of unjust enrichment – should remain as a claim over which this Court has jurisdiction since it arises out of the same transaction or occurrence as Plaintiff's remaining FMLA claims.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.   28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 17th day of July, 2013.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE